RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: VILLAGE GREEN I, GP,

　　　　　　　　　　　　　　　　　_Debtor_.

_____

VILLAGE GREEN I, GP,

　　　　　　　　　　　　　　　　　_Appellant_,

　　　　　v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, dba
Fannie Mae,

　　　　　　　　　　　　　　　　　_Appellee_.

No. 14-6521

Appeal from the United States District Court for the
Western District of Tennessee at Memphis.
Nos. 2:14-cv-02351—S. Thomas Anderson, District Judge.

Argued: October 15, 2015

Decided and Filed: January 27, 2016

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** John L. Ryder, HARRIS SHELTON HANOVER WALSH, P.L.L.C., Memphis, Tennessee, for Appellant. Daniel H. Slate, BUCHALTER NEMER, Los Angeles, California, for Appellee. **ON BRIEF:** John L. Ryder, Michael F. Rafferty, HARRIS SHELTON HANOVER WALSH, P.L.L.C., Memphis, Tennessee, for Appellant. Daniel H. Slate, BUCHALTER NEMER, Los Angeles, California, Mark Warren Bailey, Jr., HUSCH BLACKWELL, LLP, Memphis, Tennessee, for Appellee.

1

---

**OPINION**

---

KETHLEDGE, Circuit Judge.   In order for a bankruptcy court to approve a plan of reorganization under Chapter 11 of the Bankruptcy Code, the debtor must propose the plan in good faith and at least one class of creditors whose interests are impaired by the plan must vote to accept it.   Here, the only creditors who voted in favor of Village Green's plan were its own former lawyer and accountant, whom Village Green owed less than $2,400 in total, and whose interests were impaired only because Village Green proposed to pay them (in full) over 60 days rather than up front.   That arrangement, the district court found, was merely an artifice to circumvent the Code's requirement that an impaired class of creditors approve the plan.   The district court therefore reversed the bankruptcy court's confirmation of the plan, holding that Village Green had not proposed the plan in good faith.   We agree with the district court and affirm its judgment.

Village Green owes Fannie Mae $8.6 million pursuant to loan agreements executed when Village Green purchased an apartment building in Memphis.   Under those agreements, Village Green's mortgage payment is about $55,000 per month.   Village Green missed its payment in December 2009; four months later it filed for bankruptcy under Chapter 11 of the Bankruptcy Code.   The bankruptcy court promptly stayed any creditor action against Village Green, *see* 11 U.S.C. § 362(a), which prevented Fannie Mae from foreclosing on the apartment building. The building itself is worth $5.4 million and is Village Green's only asset in the bankruptcy. Apart from Fannie Mae, Village Green's only creditors are its former lawyer and accountant. (We call their claims the "minor claims.")

Village Green's proposed plan of reorganization has several features relevant here.   First, Village Green would pay down Fannie Mae's claim relatively slowly, leaving a balance of $6.6 million after 10 years.   (In contrast, if Fannie Mae foreclosed on the property, it would reduce its balance to $3.2 million right away.)   The plan would also strip Fannie Mae of several protections in the parties' loan agreements, including the requirements that Village Green

properly maintain the building and obtain adequate insurance for it.  Finally, though Village Green would pay the minor claims in full under the plan, it would do so in two payments (of roughly $1,200 each) over 60 days.

That 60-day delay, the bankruptcy court held, meant that the minor claims were "impaired" under the plan.  And that impairment, in turn, meant that acceptance of the plan by the minor claimants (i.e., Village Green's former lawyer and accountant) would satisfy the requirement that "at least one class of claims that is impaired under the plan has accepted the plan[.]"  11 U.S.C. § 1129(a)(10).  The bankruptcy court thus confirmed the plan.

Fannie Mae appealed to the district court, which vacated the confirmation order and remanded for a determination whether, among other things, Village Green had proposed the plan in good faith.  On remand the bankruptcy court found that Village Green had done so, and hence the court confirmed the plan again.  But the district court again vacated and remanded, which in turn caused the bankruptcy court to dismiss the case and lift the automatic stay.  This appeal followed.

We review the bankruptcy court's decisions directly, reviewing its factual findings for clear error and its legal conclusions de novo.  *In re Mitan*, 573 F.3d 237, 241 (6th Cir. 2009).

Two of the bankruptcy court's determinations are at issue here.  The first is that, under Village Green's plan, the minor claims were "impaired" for purposes of § 1129(a)(10).  Section 1124(1) provides, in relevant part, that "a class of claims . . . is impaired under a plan unless" the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest[.]"  Here, the plan undisputedly would alter the minor claimants' rights, because these claimants are legally entitled to payment immediately rather than in two installments over 60 days.  That this impairment seems contrived to create a class to vote in favor of the plan is immaterial.  Section 1124(1) by its terms asks only whether a plan would alter a claimant's interests, not whether the debtor had bad motives in seeking to alter them. *Accord In re Vill. at Camp Bowie*, 710 F.3d 239, 245-46 (5th Cir. 2013); *but see In re Windsor on the River Assocs., Ltd.*, 7 F.3d 127, 130-32 (8th Cir. 1993).  The debtor's motives instead are expressly the business of § 1129(a)(3), which requires that "the plan has been proposed in good

faith and not by any means forbidden by law." And given that § 1129(a)(3) expressly requires an inquiry into the debtor's motives in proposing the plan, there is no reason to graft that inquiry onto the plain terms of § 1124(1).

So we turn to the question whether Village Green proposed its plan in good faith, which is the second of the determinations at issue here. The bankruptcy court found that the plan was proposed in good faith, reasoning that "Village Green was economically justified in rationing every dollar" under the plan. But that rationale is undermined by Village Green's own projections in support of the plan's feasibility, *see* § 1129(a)(11), which were that Village Green would earn roughly $857,000 in net operating income during its first year after the plan's confirmation. That averages out to net income of $71,400 per month, which renders dubious at best Village Green's assertion that it could not safely pay off the minor claims (total value: less than $2,400) up front rather than over 60 days. On these points—the projections, and the assertion—Village Green cannot have it both ways. Moreover, that the minor claimants (Village Green's former lawyer and accountant) are closely allied with Village Green only compounds the appearance that impairment of their claims had more to do with circumventing the purposes of § 1129(a)(10) than with rationing dollars. And the "rationing" rationale falls away altogether when one considers that, during litigation regarding the plan's confirmation, Fannie Mae itself sought to pay the minor claimants up front—by tendering each of them checks for full payment of their claims—and yet the minor claimants refused to accept that payment. On this record, the minor claims' impairment was transparently an artifice to circumvent the purposes of § 1129(a)(10). We therefore agree with the district court that the bankruptcy court clearly erred when it found that Village Green proposed its plan in good faith.

The district court's December 1, 2014 order and judgment are affirmed.